PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EPIFANIO PÉREZ, Defendant and Appellant.

No. 4763. Argued June 10, 1932.—Decided July 12, 1932.

*José L. Márquez* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

A complaint was filed against Epifanio Pérez in the Municipal Court of Aguadilla charging that "sometime during the month of July, 1931, in Nueva Street, Aguadilla, P. R., in the municipal judicial district of Aguadilla, P. R., which forms part of the judicial district of the same name, . . . . . (he) illegally, wilfully, and maliciously, and with the criminal intent to profit thereby and to prevent the owner from again possessing his property, bought for 50 cents from Felipe Rivera and Andrés Cortéz, both minors under the age of 18 years, the following goods which were stolen from Belén Laguer by said minors: a gold bracelet valued at $50, two

gold medals valued at $10, and a small box containing several necklaces valued at $5; the defendant knowing that said jewels had been stolen by said minors. The jewels were seized and are placed at the disposal of the court, as evidence.''

The municipal court found the defendant guilty. He took an appeal to the district court and after a trial *de novo* he was sentenced to four months' imprisonment in jail. He then appealed to this Court, and in his brief he assigns two errors.

He maintains in his first assignment of error that the complaint does not charge a public offense, as it does not describe the property bought or received with sufficient particularity to identify the same. He cites 17 R. C. L. 60.

We know the substance of the complaint. The goods are described as ''a gold bracelet valued at $50, etc.'' In his argument under said assignment the appellant makes reference only to the bracelet. We think that the description given is sufficient, according to the authority cited by the appellant himself. Ruling Case Law, after stating the general principles applicable to the subject in section 60, says in section 61:

''Section 61.—*Name of Article.*—Property alleged to have been taken should be described by the name usually applied to it when in the condition it was in when taken. The rule in criminal pleading adopted in some jurisdictions is that an indictment for larceny is sufficient as regards description if the thing stolen be designated by the generic name of the class to which it belongs. And it is a generally accepted doctrine that in such case a conviction may be had on proof of the unlawful taking of a specific thing clearly within that class. However, it has been held that an indictment alleging the theft of 'meat' is insufficient, and that the particular kind of meat should be stated. A thing or article alleged to have been stolen may be described by the particular name by which it is known to trade or in the arts, pursuits, or employments of life.'' 17 R.C.L. 56.

This Court, in the case of *People* v. *Garcés*, 36 P.R.R. 241, expressed itself as follows:

"In the second place it is alleged that there is no description given in the information of the word 'batteries.' which were the things bought, and that this renders the information defective.

"Though the word 'battery' had originally a technical meaning, its use has become familiar in current language, and its use in an information, without further description, fully informs the defendant of the object bought, without having to go into details to define it."

The other error assigned relates to the insufficiency of the evidence. The appellant maintains that the same is insufficient because it failed to identify the jewelry; because the testimony of the accomplices, Rivera and Cortéz, was not corroborated; and because neither the defendant's intent to profit, nor his intent to prevent the legitimate owners of the jewels from again possessing them was established by the evidence.

It is indeed strange that notwithstanding the complaint set forth that the jewels were seized and placed at the disposal of the court as evidence, they were not at all produced at the trial, while the prosecutrix Belén Laguer stated that she had not been able to recover them. But that does not necessarily imply a deficiency of proof. The better practice is to produce the property at the trial to be identified, but this is not indispensable. And as for the owner, if she has not already received the property and the same was actually seized, she can demand its delivery or the corresponding liability in default thereof.

An examination of the testimony of Mrs. Laguer, of the boys Felipe Rivera and Andrés Cortéz, 13 and 15 years of age, respectively, and of policeman Martínez reveals sufficient evidence to conclude that the stolen goods which were subsequently sold to the defendant are the ones described in the complaint.

The idea that the testimony of the accomplices was not corroborated arises from the fact that one of the boys, Rivera, stated that it was the defendant himself who had instigated them to commit the larceny. The other boy, Cortéz, gives

a different version of the facts. He states that Rivera entered the house, came out with a small box containing jewelry, and said that he had found it; that Rivera gave him the jewels and he sold them to the defendant for 60 cents.

Rivera and Cortéz were tried separately on the charge of larceny and sent to the Reform School at Mayagüez. One of the witnesses for the prosecution was the defendant herein. The prosecution in the present case was separately instituted for the offense defined and punished by section 438 of the Penal Code. A similar situation occurred in the case of *People* v. *Maceira,* 40 P.R.R. 671, and this Court said:

"Section 438 of our Penal Code is perfectly clear. The purchase or reception of stolen goods, knowing the same to have been stolen, constitutes an offense separate from the crime of larceny. In this sense the minors who testified at the trial are not accomplices."

The evidence as to the intent of the defendant is clear. Apart from the testimony of Rivera, and assuming that the defendant had no direct knowledge of the fact that the goods had been stolen, the circumstance that although the same were worth $60, he bought them for 60 cents, from two boys of 13 and 15 years of age, is sufficient to show his intent, in accordance with the provisions in section 438 of the Penal Code and the adjudicated cases. We are fully in accord with the reasoning and the findings of the district judge when he rendered his judgment in open court, as follows:

"The Court thinks that the evidence for the prosecution in this case is conclusive and final as to the act charged against this defendant, which evidence is partly strengthened by defendant's own testimony. Regarding the knowledge that he might have as to the source of those jewelry, the same should be inferred, in accordance with the statute, from the age of the perpetrators of the larceny, who sold said jewerly to the defendant, to which circumstance must be added that of the ridiculous price paid by the defendant to those boys for the stolen goods. This is one of the most reprehensible offenses, not merely because of the acquisition of goods belonging to another, with the intent to deprive the owner from its possession, as

the statute says, and with the intent to profit thereby, but because the offense is committed through the corruption of minors, which act, more than a public offense, is a real social crime."

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case